IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES H. GIBSON, § | |
| TDCJ No. 01898813, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 2:15-cv-00316-D-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus ("the Petition") filed by Petitioner James Gibson pursuant to 28 U.S.C. § 2254. ECF No. 3. United States District Judge Sidney A. Fitzwater reassigned this case to the undersigned for pretrial management on May 16, 2018. ECF No. 28. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge Fitzwater **DENY** the Petition for Writ of Habeas Corpus (ECF No. 3).

**BACKGROUND**

Petitioner James Gibson ("Gibson") is a prisoner confined in the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TCDJ-CID"), in Beeville, Texas. ECF No. 3 at 2. Gibson challenges the validity of his state conviction for aggravated sexual assault, and he seeks federal habeas relief based on ineffective assistance of counsel and insufficient evidence to support his conviction. *Id.*

Gibson was convicted of aggravated sexual assault on November 15, 2013, and sentenced to twenty-five years' imprisonment. ECF No. 3 at 2. He appealed his conviction to the Seventh

Court of Appeals of Amarillo, Texas ("COA"), which affirmed. *Gibson v. State*, Nos. 07–13–00412–CR, 07–13–00413–CR, 2014 WL 4197529, *8 (Tex. App.—Amarillo 2014). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review ("PDR") on November 19, 2014. *Gibson v. State*, Nos. PD–1256–14, PD–1257–14 (Tex. Crim. App. 2014). Gibson then brought two state writ of habeas corpus applications before the TCCA on December 18, 2014. ECF No. 14 at 3–4. The TCCA denied the applications without written order on January 28, 2015. *Id.* at 4.

Gibson filed the instant Petition in this Court on October 26, 2015. ECF No. 3. Pursuant to this Court's order (ECF No. 6), the Director filed the administrative record on January 14, 2016 (ECF No. 11), and her response on February 25, 2016 (ECF No. 14). On March 29, 2016, Gibson filed a motion for stay and abeyance of his habeas petition (ECF No. 17), which Magistrate Judge Clinton Averitte denied on March 30, 2016 (ECF No. 18). Thereafter on May 24, 2016, Senior United States District Judge Mary Lou Robinson overruled Gibson's objections to Magistrate Judge Averitte's denial of his motion for stay and abeyance. ECF No. 23. By Court order, Gibson filed a reply in support of his Petition on June 13, 2018. ECF No. 30.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or decided a case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. The standard for determining whether a state court's application was unreasonable is objective. *Id.* at 409–10. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

When ruling on a petition for a writ of habeas corpus, the Court defers to the factual findings of state trial and habeas courts. *Moody v. Quarterman*, 476 F.3d 260, 267–68 (5th Cir. 2007). The state court's determination of a factual issue is presumed to be correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341–42 (2003). This presumption applies not only to explicit findings of fact but also to factual findings implied in explicit conclusions of law. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183–84 (5th Cir. 1997)).

Federal habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In the

context of habeas corpus, "adjudicated on the merits" is a term of art that refers to a state court's disposition of a case on substantive rather than procedural grounds. *See Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). Federal courts presume that a later, unexplained opinion rests on the same ground as the "last reasoned opinion" on the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

## ANALYSIS

Gibson challenges his conviction on the following grounds: (1) ineffective assistance of his first trial counsel, Gregory Phifer ("Phifer"); (2) insufficient evidence to support his conviction; and (3) ineffective assistance of his second trial counsel, Steven Denny ("Denny").

### I.     Ineffective assistance of counsel claims regarding Phifer

Before addressing the merits of Gibson's ineffective assistance of trial counsel claims involving Phifer, the Court must consider whether the claims are procedurally barred, as the State argues. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). "The exhaustion requirement is satisfied when the factual and legal substance of the federal habeas claim has been presented to the highest court of the state, in this case the Texas Court of Criminal Appeals, in a procedurally proper manner, on direct appeal or in state post-conviction proceedings." *Stephenson v. Davis*, No. 4:16-cv-263-O, 2018 WL 1210556, at *3 (N.D. Tex. Mar. 8, 2018) (citations omitted). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509,

510 (1982). As a matter of comity, the state courts must have a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, the State argues that Gibson failed to exhaust the following claims of ineffectiveness on the part of his first trial counsel, Phifer: (1) failing to conduct a proper investigation and preserve evidence pertinent to his case; and (2) serving as counsel while not being authorized to practice law in the state of Texas. ECF No. 14 at 2. A review of the record reveals that Gibson's state habeas application only includes ineffective assistance of counsel claims involving Denny, not Phifer. Although Gibson states that Phifer was removed as his counsel and that Denny was appointed as his new trial counsel, Gibson does not state any actual claims involving Phifer. ECF No. 11-20 at 11–12; ECF No. 11-21 at 10–12. Moreover, in responding to Gibson's state habeas application, the State only addressed Gibson's claims against Denny. ECF No. 11-20 at 29–30. Thus, Gibson's ineffective assistance of counsel claims involving Phifer appears to be procedurally barred, as the Texas Court of Criminal Appeals did not consider the merits of that specific claim. Although § 2254(b)(2) provides that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *Rose*, 455 U.S. at 518-19.

The undersigned notes that Gibson raised his ineffective assistance of counsel claims against Phifer for the first time in his petition for discretionary review. ECF No. 11-23 at 1. "The Texas Court of Criminal Appeals does not entertain claims raised for the first time in a petition for discretionary review." *Stephenson*, No. 4:16-cv-263-O, 2018 WL 1210556, at *3 (citing *Ex parte*

5

*Queen*, 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994)). As such, the claims involving Phifer were not properly presented to or considered on the merits by the Texas Court of Criminal Appeals, and therefore unexhausted for purposes of § 2254(b)(1)(A).

Even if the Court were to consider the merits of Gibson's procedurally defaulted claims, Gibson may overcome the procedural bar by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001). The fundamental-miscarriage-of-justice exception is limited to cases of (1) actual innocence and (2) ineligibility for the death penalty. *Schlup v. Delo,* 513 U.S. 298 (1995). Gibson shows neither cause for failing to raise this claim on direct appeal nor proof of actual innocence. Therefore, Gibson's claims that Phifer was ineffective because he failed to investigate and preserve evidence, and because he was not authorized to practice law in Texas, are procedurally barred from this Court's review.

**II.     Sufficiency of the Evidence Claim**

A fundamentally unfair trial violates the Fourteenth Amendment right to due process. *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). A trial is deemed "unfair" when it has been "largely robbed of dignity due a rational process." *Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir. 1985) (citation omitted). Evidentiary rulings made during a state trial are matters of state law that are not subject to re-examination by the federal courts. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that it is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Federal courts conduct an extremely limited review of habeas claims. *Jackson v. Virginia*, 443 U.S. 307 (1979) (Courts "do not sit to review the admissibility of evidence under state law unless

erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding."); *see also Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997) ("[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair.").

Under *Jackson*, the correct standard of review when a petitioner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 320. "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

Gibson argues that the evidence offered at trial was insufficient to support his conviction because the actual knife used during the crime was not introduced, no testimony was offered to identify the knife used during the crime, and that the victim had "no life threatening injuries" from the knife used. ECF No. 3 at 14–15.  In response, the State relies heavily on the COA's findings that there was sufficient evidence to support the jury's finding that Gibson used a deadly weapon during the sexual assault against the victim. ECF No. 14 at 20. Specifically, the State presented the following evidence at trial: (1) that a pocketknife was taken from Gibson at the time of his arrest; (2) that the pocketknife was capable of causing serious bodily injury or death to another person; (3) the victim's own testimony of the incident involving the knife; and (4) evidence

7

including photos of the victim's injuries that were "consistent with a knife wound." ECF No. 14 at 20.

> The COA concluded:
>
> In light of the jury's ability to assess the characteristics and capacity of the knife, the APD officer's testimony that the knife was capable of causing serious bodily injury, the nature of the injuries to [the victim], and the context in which those injuries were inflicted, we conclude that the evidence is sufficient to establish that [Gibson] used or exhibited a deadly weapon during the sexual assault against [the victim], making the sexual assault an aggravated offense.

*Gibson v. State*, Nos. 07-13-00412-CR, 07-13-00413-CR, 2014 WL 4197529, at *8 (Tex. App.—Amarillo Aug. 25, 2014, pet. ref'd).

Gibson has failed to overcome the presumption that the trier of fact resolves all conflicting inferences suggested by the evidence in favor of the prosecution. From all of the evidence, a rational trier of fact could find that Gibson used a deadly weapon during the sexual assault of the victim. With the police report indicating a pocketknife was taken from Gibson the day of his arrest, testimony regarding the knife's characteristics, testimony of the victim, and photographic evidence of the victim's injuries from the knife Gibson used, the State presented sufficient evidence to support Gibson's conviction.

Applying the *Jackson* standard to the instant matter and after conducting a thorough review of the record, the undersigned finds that a rational trier of fact could have found that the evidence presented in Gibson's trial established the essential elements of aggravated sexual assault beyond a reasonable doubt. Furthermore, Gibson has not shown that the state court's determination was an unreasonable application of federal law or an unreasonable determination of the facts. Thus, habeas relief is not warranted on this ground.

**III.     Ineffective assistance of counsel claims regarding Denny**

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* established a two-prong test for proving ineffective assistance of counsel: (1) petitioner's counsel's performance was deficient and (2) the deficient performance prejudiced the petitioner. *Id.* Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding, and a specific showing is required on each prong. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983); *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)).

To satisfy the first prong of *Strickland*, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687–88. A court's review of counsel's performance must be "highly deferential" and must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003) (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorneys the benefit of the doubt, . . . but to affirmatively entertain the range of possible

9

reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To prove prejudice under the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, a reasonable probability "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington*, 562 U.S. at 110).

### A. Denny was not ineffective for failing to put on a proper defense at trial.

Gibson argues that he was denied due process because his counsel, Denny, provided ineffective assistance by failing to put on a proper defense at trial. ECF No. 3 at 17. Gibson appears to argue that his previous attorney, Phifer, failed to adequately prepare his case, and thus Denny had little time to prepare for trial. ECF No. 3 at 17. Gibson further argues that Denny had a duty to "explore and to investigate any and all evidence [and] contact witnesses in client's defense." ECF No. 30 at 5. Specifically, Gibson argues that Denny should have gained access to the video recordings of Gibson's interaction with the victim at the Pine Shed Bar and Canyon View Inn, but failed to do so. *Id.* In response, the State relies on Denny's affidavit filed in the state habeas court, in which he stated that he did not need to subpoena the tapes from the Pine Shed Bar or the Canyon View Inn because he was told no tapes existed, and that he had an adequate amount of time to prepare for trial. ECF No. 11-20 at 33–34.

The undersigned considers Gibson's ineffective assistance claims bearing in mind the "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. Here, Gibson summarily argues that

10

Denny failed to raise a proper defense, but he does not state what the proper defense should have been. While the Court must construe a *pro se* habeas petition liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Estelle*, 694 F.2d at 1012); *see also United States v. Daniels*, 12 F. Supp. 2d 568, 575 (N.D. Tex. 1998) (holding that conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in a habeas proceeding). Accordingly, Gibson's ineffective assistance of counsel claim based on his attorney's failure to raise a proper defense is without merit. Because Gibson has not overcome his burden of establishing how his attorney's strategy was so flawed that it prejudiced his case, the undersigned recommends that Gibson's claims of ineffective assistance of trial counsel on this ground be denied.

### B. Denny did not render ineffective assistance of counsel for failing to call witnesses from the Pine Shed Bar.

Gibson also contends that his counsel rendered ineffective assistance for not presenting any witnesses from the Pine Shed Bar at trial. ECF No. 3 at 17. According to Gibson, his counsel's failure to subpoena potential witnesses who were at the Pine Shed Bar the evening the incident took place evidences Denny's ineffective assistance. *Id.* In response, the State again relies on Denny's affidavit filed in the state habeas court, in which he stated that he "did not subpoena anyone from the Pine Shed Bar because [he] was unable to identify anyone who witnessed the altercation at the bar." ECF No. 11-20 at 34.

The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, a petitioner making a claim of "ineffective assistance based on counsel's failure

to call a witness [is required] to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense.'" *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Gibson has not provided any information with regard to who these potential witnesses would be, any affidavits from the potential witnesses, or any assurance that these potential witnesses would have appeared at trial had counsel called them. *Cockrell,* 720 F.2d at 1427 (finding that complaints of uncalled witnesses are not favored and an affidavit from the witness is necessary to demonstrate what the witness would have testified at trial). Gibson's allegation that his counsel failed to call witnesses, without more, is insufficient to warrant habeas relief.

## CONCLUSION

Because Gibson has not shown that he is entitled to habeas relief, the undersigned **RECOMMENDS** that Judge Fitzwater **DENY** the Petition for Writ of Habeas Corpus (ECF No. 3).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed June 20, 2018.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE